Per Curiam.

The case has been submitted on the petition, the answer and the demurrer to the answer and presents the question: Where a board of education under authority of an election legally passes a resolution to issue bonds for a local school district, does the selection of a citizens committee under authority of Section 3311.30, Bevised Code, between the date of the election authorizing the issuance of bonds and the date of the board’s resolution to issue the bonds, take from the board its authority to issue the bonds? It is respondent’s contention that no board of education may take any action which will, in any way, confuse or destroy a general plan which might be submitted by a citizens committee proceeding under Section 3311.31, Bevised Code.
An examination of that section discloses that the powers of a citizens committee are limited to the making of a report recommending the continuance of an existing school system or a plan of reorganization. The function of the committee is recom-mendatory and advisory only. Its duty is limited to making a report, and it is without power to carry its recommendations into effect. The authority to carry into effect any recommendation which might be made by the committee is, by the statute, placed in the Superintendent of Public Instruction, the county board of education and, finally, the electors of the district involved.
*448 There is nothing to indicate that, in enacting Sections 3311.30 and 3311.31, Revised Code, the General Assembly intended to hold in abeyance the authority of a board of education to issue bonds to carry out an educational program pending the possible recommendation of a citizens committee, whose only power is to recommend and advise, or to limit the power of a board of education to issue bonds under the provisions of the Uniform Bond Act.
The respondent, by her answer, does not plead a legal defense to the petition. The demurrer to the answer is sustained.

Demurrer sustained.

Weygandt, C. J., Zimmermapt, Stewart, Bell, Tapt, Matthias and Herbert, JJ., concur.